IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**KEITH RAMON ATKINS, II**                                                                **PLAINTIFF**

**VERSUS**                                              **CIVIL ACTION NO. 2:22cv59-KS-MTP**

**FORREST COUNTY SHERIFF
DEPARTMENT, FORREST COUNTY, and
CAPTAIN HENDERSON**                                                              **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER OF PARTIAL DISMISSAL

This matter is before the Court *sua sponte*. *Pro se* Plaintiff Keith Ramon Atkins, II, is a pretrial detainee at the Forrest County Detention Center, and he challenges the conditions of his confinement. The Court has considered and liberally construed the pleadings. As set forth below, Defendant Forrest County Sheriff's Department is dismissed.

## BACKGROUND

Atkins is currently being held at the Forrest County Detention Center. Defendants are the Forrest County Sheriff's Department, Forrest County, and jail employee Captain Henderson. Generally, Atkins complains of the living conditions and being placed in isolation.

Atkins first complains that there are no lights at the jail and there is black mold in the showers. He alleges trash is left on the floor because of a lack of trash bags. He also contends that all the detainees suffer from colds "because it is so cold" and they are given only "a piece of blanket." (Compl. at 5).

Atkins claims he was likewise "freezing" when Captain Henderson placed him in isolation with no shirt. *Id.* at 6. Henderson allegedly sent him to isolation "for no reason" and denied him a spoon and tissue paper, as well as the shirt. *Id.* Furthermore, Atkins claims he

was given molded bread, the toilet did not work, and there was urine all over the floor in the isolation cell. He contends he was there for four days.

Atkins filed this action on May 6, 2022, under 42 U.S. § 1983, seeking compensatory damages.

## DISCUSSION

The Prison Litigation Reform Act of 1996 applies to prisoners proceeding *in forma pauperis* in this Court. The statute provides in part, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Atkins to proceed *in forma pauperis* in this action. His Complaint is subject to *sua sponte* dismissal under § 1915.

Among others, Atkins sues the Forrest County Sheriff Department under § 1983. The Sheriff's Department's capacity to be sued is determined according to Mississippi law. Fed. R. Civ. P. 17(b)(3). Under Mississippi law, a sheriff's department is not a separate legal entity

which may be sued.   Rather, it is an extension of the county.  *Brown v. Thompson*, 927 So. 2d 733, 737 (Miss. 2006).   The Forrest County Sheriff's Department will therefore be dismissed.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, Defendant Forrest County Sheriff's Department is **DISMISSED WITH PREJUDICE** as frivolous.   The remainder of the case shall proceed.

**SO ORDERED AND ADJUDGED**, this the 26th day of July, 2022.

/s/ Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE